## COLWELL v. PENNSYLVANIA R. CO.
### No. 7159.

Circuit Court of Appeals, Seventh Circuit.
July 2, 1940.

Rehearing Denied July 16, 1940.

F. E. Zollars, James Barrett, Jr., and Joseph A. Bruggeman, all of Fort Wayne, Ind., (Zollars & Temple and Barrett, Barrett & McNagny, all of Fort Wayne, Ind., of counsel), for appellant.

Wm. J. Reed and Paul E. Reed, both of Knox, Ind., and Paul M. Butler, of South Bend, Ind., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Is this court justified in reversing a money judgment entered in a personal injury action in plaintiff's favor upon a favorable general verdict, when the record shows the facts to be:

At 3 P. M., July 21, 1937, decedent, an employee of the W. P. A., was proceeding westerly on W Street, which crosses the three tracks of defendant's railroad in Winamac, Indiana, when he was struck by a passenger train and died shortly thereafter. An ordinance provided that no train should be operated in the municipality at a speed in excess of six miles per hour. The train which struck decedent was moving at sixty to eighty miles per hour.

The tracks curved shortly before and shortly after intersecting W Street so that an extended view of the right of way, was impossible. Obstacles which obscured a view of the oncoming train were a coal yard containing coal piles, a coal conveyor and elevator, and still further, a lumber yard. A gondola car also was standing on the side track and partially obstructed the view.

Decedent was traveling at a speed of four to five miles per hour. He had to cross a side track before he could get a view of the oncoming train which struck him.

Our answer to the query must be in the negative.

The train's speed was excessive in view of the situation disclosed. This excessive speed, coupled with the obstructed view of the track upon which the train was coming, unquestionably made the question of defendant's negligence one for the jury.

On the closer question, that of decedent's contributory negligence, we are also satisfied that a question for the jury was presented. The facts bring this case within the ruling of the Court in Pokora v. Wabash Railway Co., 292 U.S. 98, 54 S.Ct. 580, 78 L.Ed. 1149, 91 A.L.R. 1049. Contributory negligence, too, was for the jury.

Other questions presented by defendant have been considered. We deem it unnecessary to discuss them or extendedly state the reasons for our rejection of them.

The judgment is affirmed.